UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| FERNANDO RAMIREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:13-CV-904 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Fernando Ramirez, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 13-06-151) held on June 25, 2013, where he was found guilty of Possessing an Electronic Device in violation of B-207 and sanctioned with the loss of 30 days earned credit time by the Disciplinary Hearing Body (DHB) at the Indiana State Prison. In his habeas corpus petition, Ramirez lists six grounds for challenging the hearing.

First, Ramirez argues that he was not "Shaken Down" by Officer Slaughter because there is no video evidence that a "Shake Down" occurred. Second, he argues that he was not "Shaken Down" because the "Shake Down" log was not submitted into evidence. However, without regard to whether an official/formal "Shake Down" occurred, Ramirez was found with "a LG flat screen cell phone in [his] pocket and mobile charger with USB attachment and wall charger and USB cord taped to a cardboard box under his bunk." DE 1-1 at 1. This is sufficient evidence of his guilt because "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Even a conduct report alone can (and in this case does) provide evidence sufficient to support the finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Ramirez contends that

the DHB reviewed the wrong video segment. He says video from 1605 was reviewed rather than video from 1650 when he was found with a phone. However, because the "angle of camera" (DE 1-1 at 2) did not record EW78 where these events occurred, it is irrelevant what segment of the video was reviewed because the camera could not have recorded Officer Slaughter finding him with the phone. Additionally, Ramirez contends that the DHB should have reviewed the "Shake Down" log because all "Shake Downs" have to be recorded in the log. Though an inmate has a right to present relevant, exculpatory evidence, *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Id.* at 556. Here, examining the log would have been irrelevant because even if the log did not record that Ramirez was searched, this would merely demonstrate that the paperwork policies of the Indiana Department of Correction (IDOC) were not properly followed. It would not have been relevant or exculpatory. Therefore it was not a due process violation for the DHB to have not reviewed either the video segment from 1650 nor the "Shake Down" log.

Third, Ramirez argues that IDOC policy was violated because there are no supervisory signatures or initials on various forms. Fourth he argues that IDOC policy was violated because the confiscated electronic items were not turned into the evidence locker by the confiscating officer. Fifth, he argues that IDOC policy was violated because he was terminated from his job before he was even charged with this offense. Sixth, he argues that IDOC policy was violated because the screening report did not list all staff witnesses. However, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore it is irrelevant in this proceeding whether IDOC policies were properly followed. There is no federal requirement that

2

supervisors sign or initial forms nor that a officer who confiscates contraband from a prisoner personally check it into the evidence locker. Neither do inmates have either a liberty or a property interest in their jobs. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000). *See also Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) and *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Finally, though *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires an inmate to be notified of the factual basis of the charge against him 24 hours before the hearing on that charge, it does not require that he be told who all of the witnesses against him might be. Indeed, even in a criminal trial there is no federal obligation to disclose witness statements prior to trial. *See* 18 U.S.C. § 3500(a), *Palermo v. United States*, 360 U.S. 343 (1959), and *Scales v. United States*, 367 U.S. 203 (1961).

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4.

SO ORDERED.

ENTERED: December 3, 2014            s/William C. Lee
                                     William C. Lee, Judge
                                     United States District Court